# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA ALVAREZ SERRANO,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00313-LJO-EPG<br><br>**ORDER FOR PLAINTIFF TO:**<br><br>**(1) FILE A FIRST AMENDED COMPLAINT, OR**<br><br>**(2) NOTIFY THE COURT THAT SHE WISHES TO STAND ON HER COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br>(ECF NO. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Sonia Alvarez Serrano ("Plaintiff"), appearing *pro se* and *in forma pauperis*, filed the complaint commencing this action on March 6, 2018. (ECF No. 1). The Court has screened the complaint and has determined that Plaintiff has failed to state any cognizable claims. The Court will grant Plaintiff leave to amend her complaint to state a claim. In the alternative, Plaintiff may notify the Court that she wishes to stand on the current complaint, in which case the Court will

1

issue findings and recommendations to the district judge recommending dismissal of this action consistent with this order.

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678. Furthermore, a plaintiff bears the burden of separately setting forth her legal claims, and for each claim, briefly and clearly providing the facts supporting the claim so that the court and the defendants are readily able to understand the claims. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840-41 (9th Cir. 2000).

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S ALLEGATIONS

The complaint reads as follows:

> Litigation on wrongful foreclosure and many violations federal statutes. Fair Housing violation, HARP, Keep Your Home Emotional Distress Fraud, larceny, theft, false promises. . . .
>
> Securiazation [sic] -violations RICO Quiet Title Judgment, Summary Judgement. Defendants defaulted 7 times, Declaratory Judgement, Motion for Adjudication. Recovery and Compensation for defendants aggressions to plaintiff, Fair Due process Jury Trial over 100 claims over hundred violations Federal question.

Plaintiff also attaches to her complaint what appears to be a 137-page long motion filed in *Alvarez v. Bank of America*, Case No. 3:17-mc-80149-VC (N.D. Ca. filed Nov. 30, 2017).

## III. ANALYSIS

Plaintiff's complaint fails to meet the pleading standard set forth in Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint contains a list of causes of action and conclusory statements. Plaintiff does not set forth any factual allegations to support the conclusory statements or to show her entitlement to relief. Furthermore, to the extent that Plaintiff seeks to incorporate the contents of the motion filed in her prior case into her complaint, Plaintiff fails to meet the requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The motion is excessive in length—bringing the length of the complaint to 144 pages—and is incoherent. It combines various legal rules with prayers to and messages from Jesus Christ. Accordingly, Plaintiff fails to allege a cognizable claim.

## IV. CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state any cognizable claim upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within **thirty (30) days**, if she chooses to do so.

| | |
|---|---|
| 1 | Because Rule 8(a) requires a short and plain statement of the claim, twenty (20) pages are |
| 2 | sufficient for Plaintiff to identify her claims and set forth specific facts in support of those claims. |
| 3 | Accordingly, Plaintiff's amended complaint may not exceed **twenty (20) pages** in length. Failure |
| 4 | to follow this directive may result in dismissal of this case. *See Miller v. California Dept. of* |
| 5 | *Corrections and Rehabilitation*, No. 1:12-CV-00353-LJO, 2013 WL 5954803, at *3 (E.D. Cal., |
| 6 | Nov. 6, 2013) ("[T]he federal court has the authority to dismiss a complaint for violation of Rule |
| 7 | 8(a) and to set a reasonable limitation on the page length of a pleading. . . . Therefore, the court |
| 8 | does not find the Magistrate Judge's dismissal of Plaintiff's Complaint for violation of Rule 8(a), |
| 9 | with leave to file an amended complaint not exceeding 25 pages, erroneous or contrary to law."). |
| 10 | Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v.* |
| 11 | *Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012), and must be complete in itself without |
| 12 | reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended |
| 13 | complaint, as in an original complaint, each claim and the involvement of each defendant must be |
| 14 | sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended |
| 15 | Complaint," and refer to the appropriate case number. |
| 16 | Based on the foregoing, it is HEREBY ORDERED that: |
| 17 | 1. The Clerk of the Court shall send Plaintiff a Complaint for a Civil Case form; |
| 18 | 2. Plaintiff may file a First Amended Complaint curing the deficiencies identified by |
| 19 | the Court in this order if she believes additional true factual allegations would state a claim, |
| 20 | within **thirty (30) days** from the date of service of this order; |
| 21 | 3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the |
| 22 | amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-00313- |
| 23 | LJO-EPG; |
| 24 | 4. Alternatively, within **thirty (30) days** from the date of service of this order, |
| 25 | Plaintiff may notify the Court that she wishes to stand on this complaint, subject to this Court |
| 26 | issuing findings and recommendations to the assigned district court judge recommending that the |
| 27 | case be dismissed for failure to state a claim; and |
| 28 | 5. If Plaintiff fails to file an amended complaint or notify the Court that she wishes to |

stand on this complaint within thirty days from the date of service of this order, the Court will issue findings and recommendations to the assigned district court judge recommending that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: __**March 9, 2018**__ /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE