**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SONIA ALVAREZ SERRANO,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00313-LJO-EPG<br><br>**FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM FOR RELIEF, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH COURT ORDER**<br><br>(ECF NO. 1)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

Sonia Alvarez Serrano ("Plaintiff"), appearing *pro se* and *in forma pauperis*, filed the Complaint commencing this action on March 6, 2018. (ECF No. 1).

On March 9, 2018, the Court screened the Complaint and determined that it failed to state any cognizable claims. (ECF No. 4). Specifically, the Court concluded that the Complaint merely listed causes of action without sufficient factual allegations to state a plausible claim. *Id.* The screening order directed Plaintiff to file an amended complaint or notify the Court that she wishes to stand on the Complaint, subject to the issuance of findings and recommendations to the assigned district judge, within thirty days of service of the order. *Id.* The Court also warned Plaintiff that failure to file an amended complaint or to notify the court that she wishes to stand on the Complaint could result in the dismissal of this action. *Id.*

1

The thirty-day period has expired, and Plaintiff has not filed an amended complaint or notified the Court that she wishes to stand on the Complaint. According, the Court recommends that this action be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order. Plaintiff may file objections within twenty-one days from the date of service of these findings and recommendations.

## I.  SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of an *in forma pauperis* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.  PLAINTIFF'S ALLEGATIONS

The Complaint reads as follows:

> Litigation on wrongful foreclosure and many violations federal statutes. Fair Housing violation, HARP, Keep Your Home Emotional Distress Fraud, larceny, theft, false promises. . . .

> Securiazation [sic] -violations RICO Quiet Title Judgment, Summary Judgement. Defendants defaulted 7 times, Declaratory Judgement, Motion for Adjudication. Recovery and Compensation for defendants aggressions to plaintiff, Fair Due process Jury Trial over 100 claims over hundred violations Federal question.

2

Plaintiff also attaches to the Complaint what appears to be a 137-page long motion filed in *Alvarez v. Bank of America*, Case No. 3:17-mc-80149-VC (N.D. Ca. Nov. 30, 2017).

## III. DISCUSSION

### A. Failure to State a Claim for Relief

A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678. Furthermore, a plaintiff bears the burden of separately setting forth her legal claims, and for each claim, briefly and clearly providing the facts supporting the claim so that the court and the defendants are readily able to understand the claims. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840-41 (9th Cir. 2000).

Plaintiff's Complaint fails to meet the pleading standard set forth in Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint is comprised of a list of causes of action and conclusory statements. Plaintiff does not set forth any factual allegations to support the conclusory statements or to show her entitlement to relief. Furthermore, to the extent that Plaintiff seeks to incorporate the contents of the motion filed in her prior case into the Complaint, Plaintiff fails to meet the requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The motion is excessive in length—bringing the length of the Complaint to 144 pages—and is incoherent. It combines various legal rules with religious prayers, and is so voluminous, rambling, and disjointed as to render it incomprehensible. Accordingly, Plaintiff fails to allege a cognizable claim.

### B. Failure to Prosecute and to Comply with a Court Order

Plaintiff has failed to comply with the screening order, which directed her to file an amended complaint or notify the Court that she wishes to stand on the Complaint. (ECF No. 4).

Plaintiff has failed to timely file an amended complaint, and has not otherwise prosecuted this action.

Courts may impose sanctions, including terminating sanctions, as part of their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" or based on a failure to comply with court orders. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991); *Pagtalunan v. Galazza*, 291 F.3d 639, 642 (9th Cir. 2002). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 41(b); L.R. 110; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for noncompliance with local rule); *Malone v. United States Postal Serv.*, 833 F.2d 128, 134 (9th Cir. 1987) (dismissal for failure to comply with court order).

"In determining whether to dismiss [an action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

First, the public's interest in expeditious resolution of litigation and the court's need to manage its docket always favor dismissal. *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Thus, these factors weigh in favor of dismissal.

Second, the public policy favoring disposition on the merits always weighs against dismissal. *Id.*

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to file an amended complaint or to notify the Court that she wishes to stand on the Complaint that is causing delay.  The Court found that the Complaint fails to state a claim approximately two months ago.  The case is now stalled until Plaintiff files an

4

amended complaint or notifies the Court that she wishes to stand on the Complaint. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available

Thus, after weighing the factors, the Court finds that dismissal with prejudice is appropriate.

## IV. CONCLUSION AND RECOMMENDATION

The Court finds that the Complaint fails to state a claim for relief. Furthermore, Plaintiff has failed to comply with the screening order, which directed her to file an amended complaint or notify the Court that she wishes to stand on the Complaint. Plaintiff has failed to timely file an amended complaint, and has not otherwise prosecuted this action.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), Fed. R. Civ. P. 41(b), and L.R. 110, this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim for relief, as well as his failure to comply with a court order and failure to prosecute this action; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

\\\

5

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 7, 2018**  /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE